UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILHELM,<br><br>            Petitioner,<br><br>      v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>            Respondent. | No. 1:20-cv-01659-NONE-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING § 2254 PETITION<br><br>(Doc. Nos. 1, 8) |

Petitioner Steve Wilhelm, a state prisoner, is bringing this petition for writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2254 challenging the California Board of Parole Hearings decision to deny him parole. (Doc. No. 1 ¶ 12.) Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, the instant federal habeas petition was referred to a United States Magistrate Judge. Following Rule 4 of the Rules Governing § 2254 Cases, the assigned magistrate judge screened the instant habeas petition and found that petitioner's claim challenging the denial of his release on parole to *not* fall within "the core of habeas corpus." (Doc. No. 8 at 2–3) (citing *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016)). The magistrate judge further found that this § 2254 petition is not "amenable to conversion on its face" and recommended that the petition be dismissed for lack of jurisdiction. (*Id.* at 3–4) (citing *Nettles*, 830 F.3d at 936). To date, petitioner has not objected to the pending findings and recommendations and the time to do so has passed.

1

1  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has
2 conducted a *de novo* review of the case and concludes that the findings and recommendations are
3 supported by the record and proper analysis and should be adopted.

4  The court must now turn to whether a certificate of appealability should be issued.  A
5 petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's
6 denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v.*
7 *Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  Courts should issue a certificate of
8 appealability only if "reasonable jurists could debate whether (or, for that matter, agree that) the
9 petition should have been resolved in a different manner or that the issues presented were
10 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484
11 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  In the present case, the
12 court finds that reasonable jurists would not find the court's determination that the petition should
13 be dismissed to be debatable or wrong, or that petitioner should be allowed to proceed further.
14 Therefore, the court declines to issue a certificate of appealability.

15  Accordingly:

16  1. The findings and recommendations issued on December 16, 2020 (Doc. No. 8) are
17     ADOPTED;
18  2. The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED;
19  3. The court DECLINES to issue a certificate of appealability; and
20  4. The Clerk of Court is DIRECTED to assign a district judge to this case for the purpose
21     of closing the case and then close this case.

22 IT IS SO ORDERED.

23  Dated:  **March 15, 2021**
24  UNITED STATES DISTRICT JUDGE

2